**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,**

**v.**

**Richard PARKEY and Lisabeth Parkey, Defendants-Appellants.**

**No. 83–1144.**

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1985.

---

James T. Roach, Albuquerque, N.M., for defendants-appellants.

Alice Tomlinson-Lorenz (William K. Stratvert with her on the brief) of Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, N.M., for plaintiff-appellee.

Before SETH and McWILLIAMS, Circuit Judges, and CAMPOS, District Judge.*

CAMPOS, District Judge:

This is an appeal from the district court's grant of summary judgment in favor of Plaintiff-Appellee, State Farm Mutual Automobile Insurance Company. State Farm had filed a declaratory judgment action asking the Court to decide that their insurance policy's "household exclusion" clause[1] excluded liability coverage for any automobile accident in which Richard Parkey was injured due to the negligence of his wife, Lisabeth Parkey. Jurisdiction was based on diversity of citizenship. The district court held that the household exclusion clause contained in the policy at issue was valid and enforceable.

The issues in this appeal were purely a matter of New Mexico state law. One issue was whether the "household exclusion" clause was void because it was contrary to public policy and the New Mexico Financial Responsibility Act, N.M.Stat.Ann. §§ 66–5–201—5–239 (1978). After oral argument before this Court, the New Mexico Supreme Court answered this question in *Estep v. State Farm Mutual Automobile Insurance Company*, 703 P.2d 882 (1985), *reh'g denied* August 13, 1985. The state supreme court held that "the 'insured' and 'household' exclusions contained in motor vehicle liability policies issued or delivered in New Mexico were and are contrary to

public policy and the statutes of this state, and they are, therefore, invalid exclusions."

Accordingly, we reverse the judgment of the district court and remand this case for further proceedings consistent with the views expressed in this Opinion.

---

\* Honorable Santiago E. Campos, District of New Mexico, sitting by designation.

1. Under the terms of the insurance policy issued by State Farm, the insurer agreed to pay on behalf of the insured "all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury sustained by other persons...." Record at 56. State Farm maintained that Lisabeth Parkey, the driver of the car in the accident, was a permissive driver and therefor was insured under an auto-

mobile liability policy issued to Mr. and Mrs. James Parkey, owners of the insured automobile and parents of Richard Parkey. The policy in question contained an an exclusion, commonly known as the "household exclusion," which stated that liability coverage did not apply "TO *BODILY INJURY* TO ANY INSURED OR ANY MEMBER OF THE FAMILY OF AN INSURED RESIDING IN THE SAME HOUSEHOLD OF THE INSURED." Record at 57.