**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,**

v.

**Edward Christopher WOLFE, Stephanie Lee Wolfe, and Juliette Cacho.**

Civ. No. 85–0795.

United States District Court, D. Hawaii.

July 16, 1986.

Kobayashi, Watanabe, Sugita & Kawashima, James Kawashima, Randall Y. Yamamoto, Honolulu, Hawaii for plaintiff.

David Turk, Sharon On Leng, Nathan J. Sult, Susan Gochros, Honolulu, Hawaii, for Juliette Cacho.

Norman Lau, Honolulu, Hawaii, for Edward and Stephanie Wolfe.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FONG, Chief Judge.

Plaintiff's motion for summary judgment came on for hearing before this court on May 27, 1986. Randall Yamamoto appeared on behalf of plaintiff. Susan Gochros appeared on behalf of defendant Cacho. Norman Lau appeared on behalf of defendants Edward and Stephanie Wolfe. The court, having considered the motion and the memoranda filed in support thereof and in opposition thereto, having heard the ar-

guments of counsel, and being fully advised as to the premises herein, finds as follows:

## FACTS

This action for declaratory judgment arises from an accident which occured in Waianae, Hawaii on September 17, 1981. The facts are not in dispute. Leddie Wolfe, a minor, was riding in the back of a pickup truck driven by her father, Edward Wolfe, and in which her mother, Stephanie Wolfe, was a passenger. Leddie fell out of the truck and died when struck by a trailer which the truck was pulling.

Defendant Juliette Cacho, as the Special Administrator of Leddie's estate, brought suit in state court against the Wolfes for negligently supervising their daughter and for allowing her to ride unattended in the bed of the truck.

The Wolfes were the owners of an automobile insurance policy issued by plaintiff at the time of the accident. Anticipating that the estate would attempt to reach the proceeds of the policy if it prevailed in the state tort suit, plaintiff brought this declaratory action in federal court. Plaintiff seeks to have this court declare that the State Farm policy excludes liability coverage for Leddie's bodily injury.

One of the policy provisions purports to exclude all liability coverage for "bodily injury to any member of the family of an insured residing in the same household as the insured." The parties agree that the facts of the instant case fall within the provisions of the exclusion. The only question presented by this lawsuit, therefore, is whether the "household exclusion" is void as contrary to public policy and/or statutory authority.

## DISCUSSION

### A. Public Policy

The Wolfes' policy with State Farm includes liability coverage for bodily injury to other persons. However, coverage is excluded for family members living in the insured's household. State Farm takes the position that the "household" exclusion is justified by the danger of collusive lawsuits, and it argues that family members will still be covered by the insured's no-fault coverage. Defendants argue that the exclusion is contrary to public policy.

This court agrees that, in some instances, there may be a danger of collusive lawsuits between family members where an insurance policy exists.

> The obvious purpose of a 'family' exclusion clause is to exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury.

*State Farm Mutual Automobile Ins. Co. v. Thompson,* 372 F.2d 256, 258 (9th Cir. 1967).

Nevertheless, the Hawaii Supreme Court has specifically addressed this issue, noting that, "although collusion is a possible consequence of allowance of suits between parent and child, we think that our judicial system is adequate to discover them when they occur." *Tamashiro v. DeGama,* 51 Haw. 74, 78–79, 450 P.2d 998 (1969). As a result, "parent-child negligence suits will be allowed in Hawaii regardless of the presence or absence of insurance coverage." *Petersen v. City & County,* 51 Haw. 484, 486, 462 P.2d 1007 (1969).

■ Accordingly, this court finds that the "household" exclusion contravenes public policy. Any danger of collusive lawsuits is outweighed by the injustice of rendering negligent drivers effectively judgment-proof as to members of their family, by depriving them of insurance coverage which extends to all non-family members for the same negligent actions.

### B. Statutory Provision

Furthermore, the exclusion appears to violate Hawaii Rev.Stat. § 294–10.[1] That

---

**1.** Required policy coverage. (a) In order to be a no-fault policy, an insurance policy covering a motor vehicle *shall* provide, *in addition* to the coverage specified in section 294–4 [Obligation

section is "concerned with compulsory liability insurance rather than with no-fault insurance, even though Hawaii uses the label 'no-fault insurance' for the whole package of insurance required by Chapter 294." *State Farm Fire & Cas. Co. v. Tringali,* 686 F.2d 821, 823 (9th Cir.1982).

This court notes that nowhere does the statute provide for diminution of the obligation of an insurance carrier to provide for liabilities of its insured as to specific categories of persons. Moreover, the statute does not address the admittedly anomalous circumstances of the instant case, wherein negligent parents may recover indirectly for their own fault.

Plaintiff claims that, while the statute does not expressly authorize a "household exclusion," neither does it expressly forbid such a clause in an automobile insurance policy. Concededly,

> [u]nless a statute or public policy forbids such a limitation of coverage, provisions excluding from coverage members of the insured's family or household have usually been held valid and effective to protect the insurer against claims for injuries to persons falling within the specified claims.

7 Am.Jur.2d *Automobile Insurance* § 277. Several states have readily upheld such provisions. *See, e.g., Cameron Mut. Ins. Co. v. Dilbeck,* 637 S.W.2d 363 (Mo.App. 1982); *Paiano v. Home Ins. Co.,* 385 A.2d 460 (Pa.Super.1978); *Holt v. State Farm Mut. Auto. Ins. Co.,* 486 S.W.2d 734 (Tenn. 1972).

On the other hand, these exclusionary clauses have been "invalidated by a majority of the decisions in other jurisdictions which have addressed [their] validity ... after the enactment of mandatory automobile liability insurance." *Farmers Ins. Exchange v. Call,* 712 P.2d 231, 234 (Utah 1985) (citations omitted).

> Those jurisdictions which invalidate the exclusion interpret their mandatory insurance statutes to require liability insurance subject only to *specific* statutory exclusions and construe the legislative policy to require minimum coverage to victims of automobile accidents.

*Id.* (emphasis supplied). The underlying rationale for such decisions appears to be that, where a state does not recognize intra-family tort immunity, and where the statute mandates coverage for "any person," attempts to implement a household exclusion are void. *See Transamerica Ins. Co. v. Royle,* 202 Mont. 173, 656 P.2d 820 (1983).

▮ Ultimately, that other states have or have not upheld such exclusionary clauses is irrelevant. The controlling issue is whether the Hawaii Legislature intended to permit the exclusion.[2] This court finds that the Legislature has not established any explicit exceptions to the general mandate, nor have the state and federal courts hitherto interpreted Hawaii Rev.Stat. § 294–10(a)(1) to mean anything other than what it says in its plain and clear meaning.[3] This court cannot avail itself of the luxury of waiting for the Hawaii Supreme Court to rule on the issue, *cf. State Farm Mut.*

---

to Pay No-fault Benefits], insurance to pay ... sums which the owner or operator may be legally obligated to pay for injury, death, or damage to property of others ...:

(1) Liability coverage of not less than $25,000 for all damages arising out of accidental harm sustained by *any* one person as a result of any one accident applicable to *each person* sustaining accidental harm arising out of ownership, maintenance, use, loading, or unloading, of the insured vehicle.

Haw.Rev.Stat. § 294–10(a)(1) (1976 and 1984 Supp.) (emphasis supplied).

**2.** Legislative objectives behind the enactment of Chapter 294 are examined in *Rana v. Bishop*

*Insurance of Hawaii, Inc.,* 6 Haw.App. ——, 713 P.2d 1363, *aff'd,* 709 P.2d 612 (1985). The question of household—or other—exclusions never arose.

**3.** Defendants represent that a Hawaii trial court refused to grant an insurer's motion for summary judgment under circumstances strikingly similar to those presented by the instant case. *See Allstate Insurance Company v. Greene,* Civil No. 55037 (First Cir.Hawaii 1980). This court has reviewed the relevant order but cannot rely on an unpublished state court decision which does not enunciate the rationale supporting its conclusion.

*Auto. Ins. Co. v. Parkey,* 770 F.2d 917 (10th Cir.1985) (identical exclusion struck down as contrary to statute and public policy, after a ruling by the state supreme court), nor will it certify the question. One of the risks attendant to sitting in diversity is that federal courts are occasionally called upon to predict the holdings of the state courts. This court is not averse to doing so when the need arises.

*Estate of Neal v. Farmers Ins. Exch.,* 93 Nev. 348, 566 P.2d 81, 83 (1977), involved a statute similar to that at issue, which did not specifically provide for a household exception. The court invalidated the exclusion, however, because another statute prohibited insurers generally from excluding the minimum required security for tort liability. Chapter 294 does not contain language identical to the Nevada statute; it does, however, provide: "No insurer shall issue or offer to issue any policy which he represents is a no-fault policy unless such insurer meets the requirements of this part." Hawaii Rev.Stat. § 294–12. Because § 294–10(a)(1) requires liability coverage for *any* person, § 294–12 could be construed to prohibit the household exclusion. In contrast, *Farmers Ins. Exchange v. Cocking,* 173 Cal.Rptr. 846, 628 P.2d 1 (1981), on which plaintiff places great reliance, involved a statute which explicitly allowed such exclusions.

Plaintiff argues that "pure" no-fault (§ 294–4) will cover injuries to household members, "and coverage would not be necessary under the liability coverage." That is, plaintiff would read the statute to create two classes of persons: those covered by no-fault (family members) and those covered by liability insurance (all others).

Such a tortured reading of the statute overlooks the abolition of intra-family tort immunity in Hawaii, which occurred five years before enactment of Chapter 294. Presumably, the Legislature was aware at the time it enacted the statute that Hawaii no longer distinguished among plaintiffs by their relation to the defendant. Moreover, although the plaintiff baldly claims that "such was the intention of the legislature in mandating compulsory insurance," this court can divine no such legislative intent.

Plaintiff in effect asks this court to rewrite either the state statute or the insurance contract. This court declines to yield to such a suggestion. The court is neither a legislator nor a participant in transactions between the parties.

The court is not insensitive to plaintiff's concerns. As plaintiff notes, in cases such as this, the Wolfes (as intestate successors) are put in the position of possibly recovering for their own negligence. Nevertheless, "household family members" will not automatically follow this pattern in every case. An adult son living with the insured could well die testate, leaving his estate to, for example, his wife. The negligent insured would not benefit from the coverage other than to escape personal liability, and the estate should not be precluded under such circumstances from reaching the insurance proceeds.[4]

Furthermore, if the Legislature had been concerned about the anomaly of negligent parents succeeding to their dead children's insurance recovery, the statute could easily have excepted such a windfall from the mandatory liability coverage. Alternatively, it could have been amended at any time in its 16-year history. Clearly the Legislature has taken neither course of action. This court will not attempt judicial legislation to correct a real or an imagined oversight. The court finds that the household exclusion, even in the anomalous circumstances presented by this case, contravenes statutory authority.

This court finds that the household exception is not permitted by Hawaii's no-fault law or by public policy. Accordingly,

---

4. The converse, though not presented by this case, is also true. A divorced non-custodial parent who negligently causes the death of his minor child could similarly benefit from intestate succession, but as a policy owner with a non-resident child he would *not* be barred from recovery by the household exclusion. Neither the exclusion nor the statute addresses this possibility.

because plaintiff has failed to demonstrate entitlement to judgment as a matter of law pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that the motion for summary judgment be, and the same is, DENIED.