785 P.2d 570

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff/Appellee,

v.

Lisa Marie DURAN, a single person; Ricardo Juan Duran and Leslie Ellen Duran, husband and wife; Richard John Duran, a single man, Defendants/Appellants.

No. CV–89–0136–PR.

Supreme Court of Arizona, En Banc.

Nov. 30, 1989.

Reconsideration Denied Jan. 30, 1990.

Chandler, Tullar, Udall & Redhair by D. Burr Udall, Tucson, for plaintiff/appellee.

Paul G. Rees, Jr., Tucson, for defendants/appellants.

## OPINION

MOELLER, Justice.

### JURISDICTION

This is an action for declaratory judgment by an automobile insurer seeking a declaration of no coverage. The trial court ruled no liability coverage existed because the vehicle involved was "furnished for regular use" of the insured, and was thus neither a "temporary substitute car" nor a "nonowned car" for purposes of liability coverage. The trial court also ruled that the "furnished for regular use" exclusion precluded underinsured coverage. The court of appeals affirmed. *State Farm Mutual Auto. Ins. Co. v. Duran*, 2 CA–CV 88–0237 (App. mem. dec. Feb. 2, 1989). We granted claimant Lisa Duran's petition for review solely on the issue of underinsured coverage. We denied review of her claim under the liability coverage and of her parents' claim for loss of consortium under the uninsured motorist coverage. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24 and Ariz.R.Civ. App.P. 23, 17B A.R.S.

### ISSUE PRESENTED

Whether a "furnished for regular use" exclusion can preclude underinsured motorist coverage.

### FACTS

The material facts are not in dispute. Mr. and Mrs. Duran owned two cars, a Volkswagen bus and a Ford Fairmont, both insured by State Farm. The Volkswagen bus broke down and Mrs. Duran's mother, Helen Pierce, lent the Duran family her Volkswagen bug. Mrs. Pierce's Volkswagen bug was insured through Hartford. Pierce's granddaughter, Kathy Duran, primarily used the bug as a means of transportation to work. Pierce's grandson, Richard Duran, used the bug on only four occasions, each time with permission of his parents.

On January 3, 1982, Kathy drove to church with Richard, their sister Lisa, and cousin Rose Madrid. Kathy stayed after the services for a college career group meeting. Richard called his parents for permission to drive the others home. On the way home, the group was involved in a one-car rollover; Lisa's neck was broken. The Durans had been in possession of the Volkswagen bug for four to eight months at the time of the accident.

Hartford paid Lisa its single limit liability coverage of $100,000 and its $5,000 limit of medical pay coverage under Mrs. Pierce's policy. Because Lisa's injuries greatly exceeded this coverage, she sought additional payment of underinsured coverage from Hartford. In *Duran v. Hartford Ins. Co.*, 160 Ariz. 223, 224, 772 P.2d 577, 578 (1989), we held:

> [W]hen an allegation of being "underinsured" is predicated on the amount of liability insurance in the same policy that provides the [UIM] insurance under which the claim is made ... the underinsured coverage *may* not be "stacked" so as to in effect increase the liability coverage purchased by the named insured (*quoting* 2 A. Widiss, *Uninsured and Underinsured Motorist Insurance*, § 40.2 at 79 (2d ed 1987)) (emphasis in original).

Lisa and her parents also sought payment from State Farm. Her father's policy with State Farm provided liability, property, uninsured, and underinsured coverage. State Farm denied liability coverage, contending that the Volkswagen bug did not fall within the "coverage for use of other cars." The applicable provisions of the liability coverage provide:

> **Coverage for the Use of Other Cars**
> The liability coverage extends to the use, by an *insured*, of a *newly acquired car*, a *temporary substitute* or a *non-owned car*.
> **Temporary Substitute Car**—means a *car* not owned by *you* or *your spouse*, if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing,

damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.
> **Non-Owned Car**—means a *car* not:
> 1. owned by,
> 2. registered in the name of, or
> 3. furnished or available for the regular or frequent use of
> *you, your spouse*, or any *relatives*.
> The use has to be within the scope of consent of the owner or *person* in lawful possession of it.

In addition to denying liability coverage, State Farm also denied underinsured coverage, relying upon the following exclusion in the policy:

> An **underinsured motor vehicle** does not include a land motor vehicle:
>
> .    .    .    .    .
>
> 2. furnished for the regular use of **you, your spouse** or any **relative**;

The trial court granted State Farm's motion for declaratory judgment, holding:

> Under the liability portions of the policy of insurance, non-owned car means a car not: 1) owned by; 2) registered in the name of; or 3) furnished or available for the regular or frequent use of.
>
> The VW that was involved in the accident, was not owned by the Durans, but was furnished or available for the regular and frequent use of this family. Therefore, the car cannot be under the policy definition of a non-owned vehicle and therefore excludes coverage under the liability portion of the policy.
>
> The VW involved in the accident was insured with Hartford. The insurance policy of State Farm provides that if a temporary substitute car or non-owned car, etc. has vehicle liability coverage on it then this coverage, meaning the intended policy coverage, is excess and this coverage shall not apply. Again, the Hartford coverage was on the VW. It has been paid and the State Farm policy in question clearly states that in this situation the coverage shall not apply.
>
> The underinsurance coverage on the State Farm policy provides that an underinsured motor vehicle does not in-

clude a land motor vehicle furnished for the regular use of either yourself or your relatives. Again, this excludes any coverage under the State Farm policy.

Minute Entry Feb. 25, 1988.

The court of appeals affirmed the trial court in a memorandum decision, finding that the State Farm policy provided no coverage for the vehicle. *State Farm v. Duran,* mem. dec. at 5. As previously noted, we limited review to the issue of underinsured coverage.

## DISCUSSION

At the time of the accident, underinsured [UIM] coverage was mandatory. Legislation during 1981–1982 required insurers to provide:

> [C]overage for a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. To the extent that the total damages exceed the total applicable liability limits, underinsurance motorist coverage provided in ... this section is applicable to the difference.

Laws 1981, ch. 224, § 1; *see also State Farm v. Wilson,* 162 Ariz. 251, 782 P.2d 727 (1989) (discussing the legislative development of UIM). Under present laws, insurers must make a mandatory offer of UIM, rather than provide mandatory coverage. *See generally* A.R.S. § 20–259.01.

In granting declaratory judgment in favor of State Farm, the trial court relied on *Sellers v. Allstate,* 113 Ariz. 419, 555 P.2d 1113 (1976); *Farmers Ins. Co. v. Zumstein,* 138 Ariz. 469, 675 P.2d 729 (Ct.App. 1983); *Fulton v. Woodford,* 17 Ariz.App. 490, 498 P.2d 564 (1972); *Allied Mutual Ins. Co. v. Peck,* 3 Ariz.App. 582, 416 P.2d 1003 (1966).

In addition to *Zumstein* and *Fulton,* the court of appeals relied on *Travelers Indemnity Co. v. Hudson,* 15 Ariz.App. 371, 488 P.2d 1008 (1971), in affirming the trial court. These cases, however, all involve liability coverage with "temporary substitute" or "nonowned automobile" clauses.

None address UIM coverage and the validity of the "furnished for regular use" exclusion.

UIM coverage serves as a source of indemnification when a negligent motorist is inadequately insured for damages that result from an accident. 2 A. Widiss, § 32.1 at 11. "By virtue of A.R.S. § 20–259.01(C), innocent members of the public who have purchased UIM coverage are entitled to coverage as if the offending driver was insured in the amount of the underinsured policy limit." *Higgins v. Fireman's Fund Ins. Co.,* 160 Ariz. 20, 22, 770 P.2d 324, 326 (1989). As we have stated earlier, uninsured [UM] coverage follows the insured, independent of the location of the insured. *Id.,* 160 Ariz. at 23, 770 P.2d at 327; *cf. Employer's Mutual Cas. Co. v. McKeon,* 159 Ariz. 111, 765 P.2d 513 (1988); *Calvert v. Farmer's Ins. Co.,* 144 Ariz. 291, 296, 697 P.2d 684, 689 (1985). In *Calvert,* we noted:

> The insured and family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot, when on a bicycle or when sitting on a porch.

144 Ariz. at 296, 697 P.2d at 689. In *Higgins,* we extended these public policy considerations applicable to UM coverage to UIM coverage. 160 Ariz. at 21–22, 770 P.2d at 325–26.

At the time of the accident in question, UIM coverage was mandatory. Public policy then and now precludes an insurer from voiding coverage by an exclusion not permitted by the statute. *See Higgins,* 160 Ariz. at 21–22, 770 P.2d at 325–26 ("other vehicle" exclusion void as to UIM); *McKeon,* 159 Ariz. at 112–13, 765 P.2d at 515–16 ("named driver" exclusion void as to UM); *Calvert,* 144 Ariz. at 297, 697 P.2d at 690 ("other vehicle" exclusion void as to UM); *see also Bartning v. State Farm Fire and Casualty Co.,* 162 Ariz. 344, 346, 783 P.2d 790, 792 (1989) (public policy mandates that UM coverage be territorially coextensive with liability coverage); *Spain v. Valley Forge Ins. Co.,* 152 Ariz. 189, 194, 731 P.2d 84, 88 (1986) (invalidat-

ing an offset provision reducing amount payable under UM coverage by amounts paid under liability coverage).

■ There is no statute which permits the exclusion of underinsured coverage for vehicles furnished for an insured's regular use. Accordingly, we hold that the "furnished for regular use" exclusion in the UIM coverage is void as against public policy.

## DISPOSITION

The judgment in favor of State Farm on the underinsured coverage claim is reversed. Because we granted review only on the underinsured coverage claim, we leave intact the other portions of the trial court's judgment. We remand to the trial court for further proceedings consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.