**Sylvia D.Y. KIM, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. No. 89–00512 DAE.**

United States District Court,
D. Hawaii.

April 27, 1990.

Janice P. Kim, Jaurene R. Judy, Honolulu, for plaintiff.

David J. Dezzani, Wayne Muraoka, Goodsill Anderson Quinn & Stifel, Honolulu, for defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

DAVID A. EZRA, District Judge.

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has moved this court for summary judgment on the complaint filed by plaintiff Sylvia D.Y. Kim ("plaintiff"). Plaintiff has filed both an opposition to State Farm's motion and a counter-motion for summary judgment.

In her complaint based upon federal diversity jurisdiction, 28 U.S.C.A. § 1332(a) (West Supp.1989), plaintiff seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C.A. § 2201(a) (West 1966 & Supp.1989) that she is entitled to underinsured motorist benefits under an insurance contract issued by State Farm.

As noted by both parties, these motions present an important question of first impression in this district concerning exclusionary clauses within insurance policies that purport to limit the scope of underinsured motorist coverage.

On March 19, 1990, this court heard argument on the parties' respective motions for summary judgment. Janice Kim, Esq. and Jaurene R. Judy, Esq. appeared on behalf of plaintiff, and Wayne Muraoka, Esq. appeared on behalf of State Farm. For the reasons set forth below, the court denies defendant State Farm's motion for summary judgment and grants plaintiff's motion.

## DISCUSSION

*Summary Judgment Standard*

Fed.R.Civ.P. 56 provides that summary judgment shall be entered when:

... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

If the moving party shows that no material fact exists, the opposing party may not defeat a motion for summary judgment absent any significant probative evidence tending to support his claim. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on his pleadings, nor can he simply assert that he will be able to discredit the moving party's evidence at trial. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). Further, legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 953 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

As stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986):

> [T]he judge must ask not whether he thinks the evidence favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Factual Background*

Both parties assert, and the court agrees, that there are no disputed issues of material fact that would preclude this court from granting a motion for summary judgment. The relevant facts are as follows:

On December 8, 1986, plaintiff Sylvia Kim was involved in a motor vehicle accident in the City and County of Honolulu, State of Hawaii, as a passenger in an automobile driven by her mother, Agnes Kim. As a result of the accident, the plaintiff received substantial injuries. By removing this action from state court, State Farm acknowledges that the amount of damages in controversy exceeds $50,000.00.

The subject vehicle was insured under an automobile insurance policy provided by State Farm to the plaintiff's father, Edward Kim, the vehicle owner.[1] In addition, Mr. Kim owned two other vehicles that were also insured under separate policies issued by State Farm. The separate policies for those two vehicles provided underinsured motorist coverage in the amount of $35,000.00 for each vehicle.

State Farm has paid plaintiff $35,000.00, the policy limit for primary bodily injury coverage under the policy on the automobile involved in the accident. Plaintiff has requested additional payment in the form of underinsured motorist benefits based upon the underinsured motorist provisions in the State Farm policies that covered the other two family automobiles owned by Mr. Kim. State Farm has denied that request, contending that the plaintiff is not entitled to coverage under the underinsured motorist provisions in those policies.[2]

State Farm's refusal to provide underinsured motorist benefits is predicated upon the following clause contained in the automobile insurance policy it issued to plaintiff's father:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an underinsured motor vehicle.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> An underinsured motor vehicle does not include a land motor vehicle:

---

1. At the time of the accident, the plaintiff resided with her parents. It is not disputed that she did not have a driver's license and did not drive any of the automobiles owned by her parents.

2. State Farm does not deny, for purposes of this motion, that plaintiff's injuries substantially exceed the $35,000 primary bodily injury coverage under its policy issued on the automobile involved in the accident.

1. insured under the liability coverage of this policy; [or]

2. furnished for the regular use of *you, your spouse,* or *any relative;* ....'' (Emphasis in original.)

State Farm contends that as matter of law this clause entitles it to summary judgment. It notes that the motor vehicle involved in the accident was furnished for the regular use of the plaintiff's *relatives*—her parents, Edward and Agnes Kim.[3] Therefore, State Farm argues, the vehicle cannot be considered under the plain language of the exclusion to be "an underinsured motor vehicle." [4]

The plaintiff asserts that the plain language of the exclusionary clause does not operate to preclude her recovery under the underinsured motorist provision, and even if the provision were so construed, it would violate the public policy of the State of Hawaii.

*The Exclusion Language*

■ The plaintiff urges this court to construe the plain language of the exclusionary provision to permit State Farm to exclude from coverage only those vehicles that are furnished for the regular use of the insured who is actually claiming coverage. Were this court to interpret the exclusion in that manner, then the provision clearly does not apply to plaintiff, a minor without a driver's license who could not have had a vehicle "furnished for her use."

Plaintiff's interpretation, however, is not supported by a careful reading of the language of the exclusion in question. As plaintiff concedes, the terms of a general

comprehensive liability policy should be construed "according to their plain, ordinary, and accepted sense in common speech unless it appears from the policy that a different meaning is intended." Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment at 10. (citing *Liberty Mut. Co. v. United Nat'l Ins. Co. Ltd.*, 69 Haw. 37, 731 P.2d 167 (1987)).

The contested provision is clear; it unambiguously excludes the plaintiff from the policy's underinsured motorist coverage, because she is a "relative" of one to whom the automobile was furnished for regular use.

Accordingly, the court need not, as the plaintiff asserts, resolve ambiguous language against the insurer as required by *Fortune v. Wong*, 68 Haw. 1, 702 P.2d 299 (1985), for the language is clear and unambiguous.

*Hawaii Public Policy As To Exclusions From Underinsured Motorist Coverage*

■ Having determined that the plain language of the policy by its terms excludes the plaintiff from underinsured coverage benefits, the court turns its attention to the question of whether the provision in issue should be held void and unenforceable because it is contrary to the strong public policy of the State of Hawaii.

Because this action presents a question of first impression within this jurisdiction, and because neither the statutory language of Haw.Rev.Stat. § 431–448 [5], nor the case law of the State of Hawaii specifically address the legality of the exclusion which State Farm is attempting to enforce, this

---

**3.** Mr. Kim is the policy holder of each of the policies issued by State Farm on all of the Kim family vehicles.

**4.** In a letter dated February 20, 1989 from the State Farm's Hawaii agent to plaintiff's counsel, State Farm asserted that because "Sylvia was living at home at the time of the accident, ... the 1980 Mercury was available for her regular use and thus would not qualify as a[n underinsured motor vehicle]." It appears that State Farm has now abandoned that position.

**5.** Section 431–448, subsections (b) and (c), in relevant portion, read as follows:

(b) Each insurer shall offer to each policyholder or applicant for a motor vehicle liability policy option additional insurance coverage for loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from owners or operator of underinsured motor vehicles.

(c) The term "underinsured motor vehicle," as used in this section, means a motor vehicle with respect to the ownership, maintenance, or use of which the sum of the limits of liability of all bodily injury liability insurance coverage applicable at the time of the loss to which coverage afforded by such policy or policies applies is less than the liability for damages imposed by law. * * *

court must use its own best judgment in predicting how the Supreme Court of Hawaii would decide this question. *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir.1980). In exercising its best judgment, the court may consider recognized sources of statutes, including legislative history, treatises, restatements and published opinions. *Molsbergen v. United States*, 757 F.2d 1016 (9th Cir.), *cert. dismissed*, 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985). In resolving novel questions of insurance law, this court has previously turned to the legislative history of the statute in issue. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Robinol*, Civ. No. 88–00146, 1989 WL 206606 (D.Haw. Mar. 29, 1989) (order granting plaintiff's motion for partial summary judgment and denying defendants' counter-motion for partial summary judgment).

In the Hawaii Legislature's consideration of the implementation of a statutory scheme for underinsured motorist coverage, the Senate Standing Committee on Consumer Protection and Commerce provided the following commentary:

> Testimony on the "underinsured" coverage provision indicated that such optional coverage would provide additional protection to the injured party. Since the intent of the no-fault law is to provide speedy and adequate protection to the injured party at the least possible cost, your Committee is in favor of the underinsured coverage.

Senate Committee Report 639, Senate Standing Committee on Consumer Protection and Commerce, S.B. No. 389, 13th Hawaii Legislature (1985), *reprinted in* the Senate Journal, 13th Legislature, at 1181 [hereinafter *Senate Committee Report* ].

Both parties provide their respective arguments as to what public policies should control based upon the legislative history of the statute. It is clear from the statutory language that insurance carriers are required to offer underinsured motor vehicle insurance to their policy holders. What is not clear is what the scope of that coverage must be.

In analyzing the above quoted commentary and the language of the underinsured motorist statute, each party focuses on different aspects of the legislative history in furtherance of its respective position.

State Farm urges a narrow interpretation of the statute, concentrating on the legislature's perceived emphasis on providing adequate coverage at "the least possible cost." *Senate Committee Report, supra.* Plaintiff urges a broad interpretation of the legislative history, underscoring the legislature's emphasis on providing adequate protection to the insured. *Id.* The court finds each of these policy concerns to be compelling in the abstract, but concludes that the legislature did not express in its commentary any opinion on the unique circumstances presented by this instant action. This court must therefore look to the reasoning behind applications of these considerations by the Supreme Court of Hawaii and other courts for guidance in resolving the situation at bar.

State Farm cites several cases from other jurisdictions, mainly Washington and Minnesota, for the proposition that underinsured motorist coverage provisions should not be so broadly interpreted as to convert relatively inexpensive underinsured motorist coverage into primary bodily injury liability coverage. *See, e.g., Myers v. State Farm Mut. Ins.*, 336 N.W.2d 288, 291 (Minn.1983) (recovery disallowed because result would be a conversion of underinsured motorist coverage into first party liability insurance); *Petrich v. Hartford Ins. Co.*, 427 N.W.2d 244, 245–46 (Minn. 1988) (recovery denied because "owner who failed to adequately insure one of his vehicles" would be unjustly compensated).

Plaintiff relies primarily upon a recent decision by the Arizona Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Duran*, 163 Ariz. 1, 785 P.2d 570 (1989). In *Duran*, the court considered the issue of whether an exclusionary clause identical to that involved in this case was void as against Arizona public policy. In that action, the victim was attempting to obtain underinsured motorist coverage benefits under her parent's policies for ve-

hicles that were not involved in the accident. *Id.* 785 P.2d at 571. The victim's grandmother had "furnished for the regular use" of the victim's family the vehicle that was in the accident resulting in the victim's injuries. *Id.* 785 P.2d at 570. Hartford Insurance Company, the insurer of that vehicle, provided the victim with the policy limit for first party liability, which was inadequate to compensate the victim for her injuries. *Id.* 785 P.2d at 571. The victim then attempted to obtain additional coverage under her parent's third party underinsured motorist coverage on the other vehicles, and was denied coverage as a result of State Farm's invocation of the exclusionary clause contained within the policies it issued for those vehicles. *Id.*

After concluding that no Arizona statute permitted the exclusion of underinsured coverage for vehicles furnished for an insured's regular use, the Arizona Supreme Court held that the exclusion was contrary to public policy and void. *Duran*, 785 P.2d at 573. In so ruling, the court recognized that underinsured motorist coverage, like uninsured motorist coverage, "follows the insured, independent of the location of the insured" and that "[t]he insured and family members insured are covered not only when occupying an insured vehicle, but also when in another automobile, when on foot, when on a bicycle or when sitting on a porch." *Id.* 785 P.2d at 572 (quoting *Calvert v. Farmer's Ins. Co.*, 144 Ariz. 291, 697 P.2d 684, 689 (1985)).

The *Duran* rationale is analogous to the reasoning of this court (the Honorable Harold M. Fong, Chief Judge) in *State Farm Mutual Automobile Insurance Co. v. Wolfe*, 638 F.Supp. 1247 (D.Haw.1986). In

*Wolfe*, the court held that a policy provision that excluded members of the insured's family from liability coverage for bodily injury contravened public policy. *Id.* at 1248. In so ruling, the court recognized "the injustice of rendering negligent drivers effectively judgment-proof as to members of their family, by depriving them of insurance coverage which extends to all non-family members for the same negligent actions." *Id.*[6]

In evaluating each of factors which must be considered, this court is persuaded by the *Duran* rationale. Because there is no explicit Hawaii statutory authority that permits the exclusion at issue, this court concludes that the exclusion similarly violates the strong public policy of this state, and further respectfully concludes that the Hawaii Supreme Court would so hold. To rule otherwise would result in a paradoxical and manifestly unjust situation where the plaintiff could not recover underinsured motorist coverage simply because she was riding in a car "furnished for the use of" a relative (her mother), yet she could recover under the same policies if she had been riding in the car of a total stranger.[7]

Further this court finds that the conditioning of the coverage at issue here upon whether the innocent victim is related to a person to whom the vehicle was "furnished for ... regular use" clearly violates the intent of the Hawaii Legislature in adopting a comprehensive scheme of no-fault insurance with provisions for uninsured and underinsured motorist coverage. Such a limitation does not further the legislature's intent to require that insurance carriers provide adequate insurance coverage to

**6.** The court in *Wolfe* recognized the potential for collusion if coverage was extended to include family members. 638 F.Supp. at 1250. Although the *Wolfe* court was sensitive to that concern, the court found that collusion was not a foregone conclusion, and further that the potential did not justify the exclusion of household members. *Id.*

The facts of the instant case may raise a similar concern that family members would collude to "protect the family purse." Although Hawaii has abolished intra-family tort immunity, the risk of collusion in this context is de

minimis, and cannot justify the exclusion in question.

**7.** The court notes that even if the automobile involved in the accident had been insured by another insurer, State Farm's "furnished for use by a relative" exclusion, if given effect, would have similarly precluded recovery. In addition, the court notes that under the State Farm provision, as long as the *vehicle* involved in the accident is "furnished for use by a relative," the fact that a relative drives the vehicle is irrelevant.

the citizens of this state.[8] *See, e.g., Palisbo v. Hawaiian Ins. & Guaranty Co., Ltd.,* 57 Haw. 10, 547 P.2d 1350 (1976) (purpose of uninsured motorist statute is to encourage self-protection through voluntary insurance); *Calibuso's Estate v. Pacific Ins. Co., Ltd.,* 62 Haw. 424, 616 P.2d 1357 (1980) (legislative intent is to protect innocent victims of financially irresponsible drivers).

Accordingly, the court concludes that the exclusion at issue directly collides with the public policy of Hawaii and is void. Therefore, the court grants plaintiff's motion for summary judgment, and denies defendant State Farm's motion for summary judgment.[9]

IT IS SO ORDERED.

---

**8.** This decision is also consistent with this court's prior holding in *National Union Fire Insurance Co. v. Allstate Insurance Co.,* Civ. No. 88–00516 (D.Haw. Jan. 11, 1989) (order granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment). In that decision, this court held that an injured party must exhaust all available coverage, including underinsured coverage under the injuring party's policy before the injured party may proceed against his own underinsured liability coverage. Although that decision did not involve the clause at issue here, it reaffirms the proposition that underinsured motorist coverage "is personal to the insured." *National Union,* slip op. at 7 n. 3. (quoting *Palisbo v. Hawaiian Ins. & Guar. Co. Ltd.,* 57 Haw. 10, 547 P.2d 1350, 1354 (1976)).

**9.** The court is mindful that a district court should not "nullify or rewrite contract terms [the court doesn't] like ... without bothering to rely on established principles of contract law." *Travelers Insurance Co. v. Budget Rent–A–Car Systems, Inc.,* 901 F.2d 765, 769 (9th Cir.1990). Equally important, however, is the court's duty not to enforce contract clauses which violate public policy. *See id.* at 768 n. 3.

The mere fact that an insurance contract is unambiguous does not remove the requirement that its provisions conform with public policy. As indicated by the court in *Travelers,* "there are, of course, matters about which parties may not contract, such as where the contract contemplates illegal behavior or would violate some other strong public policy." *Travelers,* at 768 n. 3.