772 P.2d 577

**Lisa Marie DURAN, a single person; Ricardo Juan Duran and Leslie Ellen Duran, husband and wife; Richard John Duran, Jr., a single man, Plaintiffs/Appellants,**

**v.**

**HARTFORD INSURANCE COMPANY, also known as Hartford Accident & Indemnity Company, a Connecticut corporation, Defendant/Appellee.**

No. CV–88–0114–PR.

Supreme Court of Arizona.

April 6, 1989.

Reconsideration Denied May 23, 1989.

Paul G. Rees, Jr., Tucson, for plaintiffs/appellants.

Mesch, Clark & Rothschild, P.C. by John K. Mesch, Scott H. Gan, Tucson, for defendant/appellee.

FELDMAN, Vice Chief Justice.

Lisa Marie Duran, a passenger in her grandmother's automobile, sustained injuries when the car, driven by her brother, rolled over in a one-vehicle accident. The brother, a permissive driver, was an omnibus insured under the grandmother's automobile insurance policy.

After the accident, the Hartford Insurance Co. paid Lisa the $100,000 limit of the grandmother's liability coverage and the $5,000 limit of the policy's medical pay coverage. Because her injuries exceeded those amounts, Lisa sought additional payment from the grandmother's underinsured motorist (UIM) coverage.[1] She argues that because her damages exceed the liability payments, the host driver became an underinsured motorist and, thus, Hartford is liable to her on the UIM coverage.

Hartford refused payment, asserting that the policy's setoff provision limits its liability to the $105,000 already disbursed. The setoff provides that monies paid to persons under the liability coverage offset amounts otherwise available under any other coverage of the same policy, including UIM coverage.

The trial court granted summary judgment for Hartford and the court of appeals affirmed. *Duran v. Hartford Insurance Co.*, 157 Ariz. 125, 755 P.2d 430 (Ct.App. 1988). In addition to upholding the setoff

---

1. In Arizona, every insurer writing automobile liability policies must also include, at the insured's option, UIM coverage in an amount up to the limits contained in the liability coverage. A.R.S. § 20–259.01(C). Underinsurance motorist coverage includes

> coverage for a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies

applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. To the extent that the total damages exceed the total applicable liability limits, the [UIM] coverage provided in subsection C of this section is applicable to the difference.

A.R.S. § 20–259.01(E).

provision against a public policy challenge, the court also affirmed on the basis that the policy excluded any vehicle owned by the named insured from the definition of underinsured motor vehicle. *Id.* at 128, 755 P.2d at 433. We granted, in part, the Durans' petition for review,[2] and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

We affirm on the issue of UIM coverage. We do so because "when an allegation of being 'underinsured' is predicated on the amount of liability insurance in the same policy that provides the [UIM] insurance under which the claim is made ... the underinsured coverage *may* not be 'stacked' so as to in effect increase the liability coverage purchased by the named insured." 2 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 40.2, at 79 (2d ed. 1987) (emphasis in original; footnote omitted).

Nothing in the underinsurance statute, A.R.S. § 20–259.01(C), (E), and (F), suggests any legislative intent to allow an injured passenger to "stack" liability and UIM coverage so as to, in effect, increase the named insured's liability coverage. *See Herring v. Lumbermen's Mutual Casualty Co.,* 144 Ariz. 254, 257, 697 P.2d 337, 340 (1985) (court's focus is on legislative intent when determining effect of insurance statutes). Further, nothing in *Higgins v. Fireman's Fund Insurance Co.,* 160 Ariz. 20, 770 P.2d 324 (1989); *Spain v. Valley Forge Insurance Co.,* 152 Ariz. 189, 731 P.2d 84 (1986); *Calvert v. Farmers Insurance Co. of Arizona,* 144 Ariz. 291, 697 P.2d 684 (1985); and *Geyer v. Reserve Insurance Co.,* 8 Ariz.App. 464, 447 P.2d 556 (1968), cited by Duran, supports her contention that an injured passenger in a single-tortfeasor, single-policy case may aggregate the policy's liability and UIM coverages. In those cases, all involving either two tortfeasors or two insurance policies, the injured person was not attempting to "stack" payments, but only apply the different policy coverages applicable to his injuries. In that situation, we held that offset and ex-

clusion clauses similiar to those at issue here violate public policy. Today's decision signifies no retreat from the holdings in those cases. They simply do not apply to accidents involving only one tortfeasor and one policy.

We affirm the trial court's grant of summary judgment and approve the court of appeals' opinion.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

Justice WILLIAM A. HOLOHAN retired before the decision of this case; Justice ROBERT J. CORCORAN did not participate in the determination of this case.

---

**2.** *Lisa's parents also sought payment under the uninsured motorist coverage for their loss of consortium damages. Hartford refused pay-* ment and the court of appeals upheld that refusal. *Duran,* 157 Ariz. at 128, 755 P.2d at 433. We did not grant review on this issue.