837 P.2d 1203

**Gail M. GIANNINI and Theodore R. GIANNINI, her husband, Plaintiffs–Appellees,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellant.**

**No. 1 CA–CV 90–647.**

Court of Appeals of Arizona, Division 1, Department D.

July 28, 1992.

Review Dismissed Oct. 20, 1992.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Ralph E. Hunsaker, Lisa M. Sommer, Phoenix, for defendant-appellant.

Langerman, Begam, Lewis & Marks by Thomas F. Dasse, Michael R. Golder, Phoenix, for plaintiffs-appellees.

OPINION

TAYLOR, Presiding Judge.

State Farm Mutual Automobile Insurance Company ("State Farm") appeals from summary judgment entered in favor of appellees Gail M. and Theodore R. Giannini. The issue raised on appeal is whether Ariz.Rev.Stat.Ann. ("A.R.S.") § 20–259.01(F) is intended only to prevent double recovery, thus barring an insurer from limiting uninsured motorist coverage under multiple policies issued by the same insurer. When a single accident occurred due to the combined negligence of two separate uninsured tortfeasors, the trial court interpreted the statute as only preventing double recovery. We reverse and remand to the trial court for entry of summary judgment in favor of State Farm.

FACTS AND PROCEDURAL HISTORY

On November 15, 1984, appellee Gail Giannini was a passenger in an uninsured motor vehicle driven by Gary Oleson when the vehicle was hit by an uninsured motor vehicle operated by Darrell McDonald. At the time of the collision, Gail Giannini and her husband Theodore Giannini owned two vehicles. Each Giannini vehicle was insured through a separate policy issued by State Farm. Each policy provided $100,000.00 of uninsured motorist coverage. Additionally, each policy contained an "other insurance" clause providing that the uninsured motorist coverage could not be "stacked" for injuries arising out of a single accident.

Appellees demanded and State Farm tendered the $100,000.00 uninsured motorist policy limits under one of the policies for damages due to the negligence of Oleson. The release and trust agreement released State Farm under one policy only and assigned to State Farm the claim against Oleson only.

Appellees next demanded policy limits of $100,000.00 under the second policy for damages resulting from the negligence of McDonald. Alternatively, they requested arbitration of liability and the amount of damages pursuant to the insurance con-

tract. State Farm refused appellees' demands, and the present litigation commenced. Appellees sued for specific performance under the contract of insurance. State Farm answered and counterclaimed for declaratory judgment, arguing that it owed no further coverage to appellees for damages arising out of this accident.

State Farm filed a motion for summary judgment, requesting that the court rule as a matter of law that State Farm was not required to arbitrate or make additional payments under the second Giannini policy. State Farm argued that under A.R.S. § 20–259.01(F), an insurer may prohibit the stacking of uninsured or underinsured coverages purchased by one insured in multiple policies from the same company. Appellees responded and filed a cross-motion for summary judgment, claiming that because Gail Giannini was injured by two separate uninsured motorists, she had two separate claims which could be pursued under the two separate policies.

The trial court granted appellees' cross-motion for summary judgment and ordered State Farm to arbitrate the amount of additional coverage payable to appellees. The trial court explained its reasoning in its minute entry ruling as follows:

The Court has previously taken under advisement the parties' motions for summary judgment. The Court has now reviewed all cases cited and finds that the controlling principles are set forth in *Spain v. Valley Forge Insurance Company,* 152 Ariz. 189, 731 P.2d 84 [(1986)], notwithstanding that both of the uninsured coverages are with the same company (State Farm) in this matter.

The Court feels that this is not a matter of "stacking" dissimilar coverages. It is a matter of invoking two separate policies for the negligence of two separate tort feasors, both of whom are uninsured, so that the uninsured coverages in both policies are subject to the claim of Plaintiff, provided there is no double recovery.

DISCUSSION

Arizona Revised Statutes Annotated § 20–259.01 governs uninsured and under-

insured motorist coverage. Subsection (F) of the statute provides in relevant part:

> If multiple policies or coverages purchased by one insured on different vehicles apply to an accident or claim, the insurer may limit the coverage so that only one policy, selected by the insured, shall be applicable to any one accident.

In this case, State Farm limited the coverage on appellees' vehicles so that only one policy would apply to the accident, pursuant to an "other insurance" clause to that effect in each policy. The trial court concluded, however, that section 20–259.01(F) is intended only to prevent double recovery. The judge reasoned that where two separate uninsured tortfeasors are involved in an accident, A.R.S. § 20–259.01(F) does not prohibit uninsured motorist coverage under multiple policies for actual damages.

We reach a different interpretation of the statute. The fact that two separate tortfeasors share the blame for causing this accident has no bearing on whether State Farm, under the statute, is entitled to limit the coverage so that only one policy is applicable. Even though the negligence of two persons combined to cause Gail Giannini's injuries, there is nothing to suggest that more than one accident occurred. The statute states clearly that the insurer may limit the coverage so that only one policy is applicable to any one "accident." Appellees would have us apply the statute to any one "claim." Such, however, is not the wording of the statute. Moreover, there is no particular justification for requiring different treatment by the insurer when the negligence is attributable to more than one tortfeasor, since the injuries would be the same no matter how many persons contributed to cause the accident.

Appellees cite several Arizona cases holding that clauses in automobile insurance policies attempting to limit coverage are void under public policy considerations. Relying upon these cases, appellees argue that uninsured motorist coverage under multiple policies issued by the same insurer must be available to the extent of the actual damages suffered. Our examination of these cases does not lead us to the same conclusion.

■ In *Spain v. Valley Forge Insurance Co.*, 152 Ariz. 189, 731 P.2d 84 (1986), the plaintiff's decedent was a passenger in a vehicle insured by Valley Forge when the vehicle was hit by an uninsured vehicle. The accident was due to the negligence of both drivers. The Valley Forge policy provided $100,000.00 in liability coverage for bodily injury or death and $100,000.00 of uninsured motorist protection. The policy, however, also contained language providing that the insurance company was obligated to pay a "single limit" of $100,000.00 per accident. Valley Forge paid the policy limits for its liability coverage but refused to pay anything under its uninsured motorist coverage, invoking the policy's offset provision. The Arizona Supreme Court declared the offset provision void because it violated the public policy behind the uninsured motorist statute. *Id.* at 193, 731 P.2d at 88. The supreme court found that A.R.S. § 20–259.01(B) expressly provides that an insured who purchases uninsured motorist coverage equal to the limit of liability coverage has available the total of the two coverages to the extent of actual damages. *Id.* This holding is limited to those accidents caused by two negligent drivers, one of whom is insured under the liability coverage of the policy and the other who is uninsured. *See id.*

■ In *Rashid v. State Farm Mutual Automobile Insurance Co.*, 163 Ariz. 270, 787 P.2d 1066 (1990), the plaintiff was injured by a negligent uninsured motorist while he was a passenger in a car driven by a non-negligent driver. The plaintiff received the liability limits of the "host" vehicle's uninsured motorist coverage. Because he was not completely compensated for his injuries, plaintiff also sought the uninsured motorist coverage provided by a policy he maintained on his own vehicle which was for a lesser amount than the coverage maintained on the "host" vehicle. The plaintiff's insurer denied coverage, invoking its "other insurance" policy provision. This "other insurance" provision stated that the uninsured motorist coverage was excess coverage and that it was obligated to pay only the amount by which its coverage exceeded the primary coverage. The court, however, found that plain-

tiff's insurer could not avoid paying the coverage plaintiff purchased merely because he had been fortunate enough to receive benefits under a policy issued by some other insurer. The court stated:

> The message we read in the statute, and the public policy that underlies it, is simply that each insurer must provide each insured with coverage in the manner and amount required in the statute. In this court's view, the exceptions permitted are those allowed by the statutes, not those insurers may put in the policy. The excess/escape provision is in the policy, but *not* authorized by the statute. Because it removes that which the statute requires to be in the policy, we hold the escape clause cannot be applied when the insured is not fully indemnified.
>
> ....
>
> ... Where the insured has paid premiums for a particular limit that the statute entitles him to purchase, the statute contains no exception permitting an insurer to set a different limit by eliminating or reducing recovery below actual damages simply because another policy fortuitously also provides some coverage. Accordingly, we hold that State Farm's "other insurance" escape clause cannot be applied to the UM coverage in this case.

*Id.* at 275–76, 787 P.2d at 1071–72 (citations omitted). Before reaching this conclusion, the court acknowledged that A.R.S. § 20–259.01(F) specifically outlined circumstances when an insured is precluded from aggregating multiple coverages. *Id.* at 274, 787 P.2d at 1070. The court noted that the section 20–259.01(F) stacking preclusion did not apply because the court was not dealing with multiple policies bought by one insured from one insurer. *Id.* The court also stated:

> Of course, the court will prohibit stacking when an insured has purchased multiple coverages from one insurer against the same event and seeks to stack the limits provided by any single coverage. In fact, the legislature has expressly provided that an insurer may prohibit such a result. *See* A.R.S. § 20–259.01(F).

*Id.* at 272 n. 2, 787 P.2d at 1068 n. 2.

The critical distinction between the situation presented in this case and those presented in *Spain* and *Rashid* is that here there is a specific statutory provision allowing the insurer to limit coverage. In the other two cases, the limitation was not authorized by the statute and was void because the policy attempted to remove coverage that the statute expressly required.

Appellees argue that our supreme court has stated that A.R.S. § 20–259.01 is intended to require full indemnification of insured victims who have accidents with uninsured or underinsured motorists when possible. *See Schultz v. Farmers Ins. Group*, 167 Ariz. 148, 150, 805 P.2d 381, 383 (1991); *Brown v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 323, 327, 788 P.2d 56, 60 (1989); *Spain*, 152 Ariz. at 194, 731 P.2d at 89. However, we do not conclude from these cases that a victim is allowed to recover in situations not intended by the statute or expressly forbidden by it.

In *Duran v. Hartford Insurance Co.*, 160 Ariz. 223, 224, 772 P.2d 577, 578 (1989), the Arizona Supreme Court held that a passenger in a one-car accident was not entitled to stack the liability and underinsured motorist coverages of a single policy, even though her injuries exceeded the limit of the full liability coverage paid to her. The court concluded that nothing in A.R.S. § 20–259.01 suggested any legislative intent to allow an injured passenger to stack liability and underinsured motorist coverage to increase the named insured's liability coverage. *Id.* Applying the same principles of statutory construction, we reach a similar result.

For the reasons explained above, the summary judgment ruling for appellees is reversed. The case is remanded to the trial court for entry of summary judgment in favor of State Farm.

GERBER and EHRLICH, JJ., concur.