65 P.3d 446

**Roger DEMKO, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.**

**No. 1 CA–CV 02–0249.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 6, 2003.

Redesignated as Opinion and Publication Ordered March 31, 2003.

Gage & Mathers, Ltd., by G. David Gage, Phoenix, Attorneys for Plaintiff–Appellant.

Bell, O'Connor & Campbell, P.C., by David M. Bell, Neil Singh, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

WINTHROP, Judge.

¶ 1 This appeal arises from the trial court's grant of summary judgment in favor of Appellee. The central issue is whether Appellant can collect UIM benefits under an insur-

498

ance policy provided by Appellee or whether Appellee's definition of "underinsured vehicle," which excludes vehicles covered under the liability potion of such policy, is a valid means to prevent coverage. For the following reasons we affirm the trial court's decision.

## FACTUAL AND PROCEDURAL SUMMARY

¶ 2 The parties have stipulated to the essential facts in this case:

¶ 3 On April 23, 1999, Roger Demko ("Plaintiff") sustained injuries as a passenger in his own pickup truck when it rolled over in a single vehicle incident. The truck was driven by Gloria Parker ("Parker"), a permissive driver, and her negligence was the sole cause of the Plaintiff's injuries.

¶ 4 State Farm ("Defendant") insured Plaintiff's pickup truck under a policy which provided $100,000 in liability coverage. As a permissive user, Parker was entitled to the protection afforded by such liability coverage. In addition, Defendant provided $100,000 of underinsured motorist ("UIM") coverage in a separate policy owned by Plaintiff. Coincidently, Parker was also insured by Defendant in a separate policy for $50,000 in liability coverage and $50,000 in UIM coverage. Under Parker's UIM coverage (but for an exclusion we discuss more fully below), Plaintiff was insured as a passenger because he was "occupying [a] car not owned by" the named insured.

¶ 5 Defendant paid Plaintiff $100,000 from his pickup truck's liability coverage, $100,000 from his separate vehicle's UIM coverage, and $50,000 from Parker's liability coverage, for a total payment to Plaintiff of $250,000. Plaintiff's damages, however, exceed $300,000 and he claims that Defendant owes him an additional $50,000 from Parker's UIM coverage to bridge that gap.

¶ 6 Parker's policy expressly excludes UIM coverage for a vehicle driven by Parker for which the policy provides liability coverage, by excluding the car from the definition of an "underinsured motor vehicle." Specifically, the policy excludes UIM coverage for any

"land motor vehicle [insured] under the liability coverage of this policy."

¶ 7 Both parties filed motions for summary judgment. The trial court granted Defendant's motion, upholding the UIM definition exclusion found in Parker's policy. Plaintiff timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes § 12–2101(B).

## DISCUSSION

¶ 8 On appeal from a summary judgment when the material facts are not in dispute, we review whether the superior court correctly applied the law and whether the successful party was entitled to summary judgment. *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

¶ 9 Defendant argues that Plaintiff is not eligible to collect Parker's UIM coverage because the "non-owned" vehicle, involved in the incident, was covered under the liability portion of her policy. We agree.

¶ 10 The UIM statute, A.R.S. § 20–259.01(G) provides coverage:

[F]or a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. To the extent that the total damages exceed the total applicable liability limits, the underinsured motorist coverage provided in subsection B of this section is applicable to the difference.

¶ 11 UIM coverage protects an insured and his household when a tortfeasor's liability limits are insufficient to pay for all damage inflicted. *Taylor v. Travelers Indem. Co. of America*, 198 Ariz. 310, 318, 9 P.3d 1049, 1057 (2000). When that tortfeasor's liability coverage is insufficient to compensate the injured party for actual damages incurred, "the named insured or a family member injured in or by the family car and by the negligence of another insured may turn to his or her UIM coverage to make up the difference between the actual damages and the available liability coverage." *Taylor*, 198 Ariz. at 317–18, 9 P.3d at 1056 (2000).

UIM, however, is not intended to expand or extend the tortfeasor's liability insurance limits. *Id.* at 319, 9 P.3d at 1058 (2000). With these principles in mind, we turn to the relevant authority.

¶ 12 Defendant argues that *Duran v. Hartford Ins. Co. (Duran I)*, 160 Ariz. 223, 772 P.2d 577 (1989) supports its decision to deny UIM coverage from Parker's policy. In that case, the plaintiff was a passenger in her grandmother's vehicle, driven by her brother, a permissive user. As in this case, the automobile was involved in a single vehicle rollover and the plaintiff sustained serious injuries. *Duran I*, 160 Ariz. at 223, 772 P.2d at 577 (1989). Following the incident, the insurer, after paying the plaintiff the full limits of the grandmother's liability policy, refused additional payment from the grandmother's UIM coverage. *Id.* The rejection was partially based, as here, on a definitional exclusion of the insured vehicle from the UIM coverage. *Duran I*, 160 Ariz. at 223–24, 772 P.2d at 577–78 (1989).

¶ 13 The *Duran I* court upheld the UIM exclusion, explaining that "when an allegation of being 'underinsured' is predicated on the amount of liability insurance in the same policy that provides the [UIM] insurance under which the claim is made ... the underinsured coverage may not be 'stacked' so as to in effect increase the liability coverage purchased by the named insured." *Id.* (emphasis omitted). The court further reasoned that nothing in A.R.S. § 20–259.01 "suggests any legislative intent to allow an injured passenger to 'stack' liability and UIM coverage so as to, in effect, increase the named insured's liability coverage." *Duran I*, 160 Ariz. at 224, 772 P.2d at 578 (1989). Finally,

the court limited its holding, applying it to instances with one tortfeasor and one policy. *Id.*

¶ 14 Plaintiff contends, however, that when the supreme court, in *Taylor*, overruled *Preferred Risk Mut. Ins. Co. v. Tank*, 146 Ariz. 33, 703 P.2d 580 (App.1985), it implicitly overruled *Duran I*. We disagree.[1] The *Taylor* court was confronted with significantly different facts than those found in either this case or *Duran I*. In *Taylor*, the collision at issue involved two vehicles and multiple claimants. In addition, the plaintiff in *Taylor* was not paid the full limits of the tortfeasor's liability policy and had no other UIM coverage available. *Taylor*, 198 Ariz. at 312, 9 P.3d at 1051 (2000). When confronted with *Duran I* as support for the insurer's refusal to pay the plaintiff UIM coverage, the *Taylor* court explained that "if part of the liability insurance has been disbursed to other claimants, there is substantial justification for allowing recovery of UIM benefits." However, where "as in *Duran I* but not in [this case], the injured person recovered the full amount of the liability insurance, there is no persuasive reason to allow her also to collect under the UIM coverage...."[2] *Taylor*, 198 Ariz. at 319, 9 P.3d at 1058, (citing 3 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 41.8, at 305–06 (2d ed.1987)). Instead, UIM coverage should provide compensation up to the limits selected and paid for by the purchaser " 'whenever compensation is not actually available from an insured tortfeasor.' " *Id.*, 198 Ariz. at 320, 9 P.3d at 1059 (quoting 3 A. WIDISS, *supra* § 35.22, at 198).

---

1. In his dissenting opinion in *Taylor*, Justice Martone argues that, if the majority believes *Duran I* was wrongly decided, the court should overrule it. In the majority opinion, Justice Feldman explicitly declined to do so, *Taylor*, 198 Ariz. at 319, n. 10, 9 P.3d at 1058, n. 10, and this court lacks the authority to overrule a decision of the supreme court. *State v. Anderson*, 185 Ariz. 454, 456, 916 P.2d 1170, 1172 (App.1996) (explaining that the court of appeals lacks authority to overturn a ruling issued by the Arizona Supreme Court).

2. The plaintiff in *Duran I* also received benefits under her father's UIM coverage pursuant to a

separate policy covering two household automobiles. *State Farm Mut. Auto Ins. Co. v. Duran (Duran II)*, 163 Ariz. 1, 4, 785 P.2d 570, 573 (1989). The supreme court in *Duran II* held that a UIM exclusion that denies coverage for vehicles "furnished for regular use" was "void as against public policy" and contrary to the UIM statute. *Duran II*, 163 Ariz. at 4, 785 P.2d at 573. The exclusion in *Duran II* is qualitatively different from the exclusion in this case because it not only excluded coverage under the UIM provisions in the policy but it also excluded coverage under the liability provisions in the same policy. *Id.*, 163 Ariz. at 1, 785 P.2d at 573.

¶ 15 Rather than overruling *Duran I*, *Taylor* draws a distinction between a policy's UIM exclusion that deprives a claimant of his right to collect the limits of the family liability policy (unenforceable) and an exclusion which prevents an insured from stacking both the liability and UIM coverage under a tortfeasor's policy (enforceable). The *Taylor* court explained that if the *Duran I* plaintiff was permitted to collect UIM benefits from the tortfeasor's policy it would effectively provide that insured with more liability coverage than she purchased; a different result than allowing an insured plaintiff to recover up to the purchased limits of her liability coverage. *Taylor*, 198 Ariz. at 319, 9 P.3d at 1058.[3]

¶ 16 Analyzed against the legal framework established in *Duran I* and approved in *Taylor*, the facts in this case plainly prohibit Plaintiff from recovering UIM benefits under Parker's automobile insurance policy. Here, Parker was the only tortfeasor and her negligence was the sole cause of Plaintiff's injuries. The limits of her liability insurance—indeed, the limits of all applicable liability policies—were less than Plaintiff's total damages; accordingly, Defendant paid Plaintiff the full value of his UIM benefits. It is important to remember that Plaintiff here received the full value of the coverage he purchased. Like *Duran*, Plaintiff here was (1) a passenger in a single vehicle roll-over incident; (2) paid the full liability limits of both his and Parker's policies; and (3) paid the full limits of his own UIM policy. Plaintiff purchased $100,000 of liability and $100,000 of UIM coverage, and he received complete payment under both. He also received the full value of Parker's liability policy. If we were to allow Plaintiff's recovery of Parker's UIM coverage, we would, in effect, be providing her with additional liability coverage; a result which is not supported by the cases or the statute.

3. Likewise, *Taylor's* disapproval of *Tank* was based not the policy's exclusion clause, but rather on the *Tank* court's failure to consider that the plaintiffs would have not received the full protection of their liability coverage without access to the tortfeasor's UIM coverage. Moreover, the precise nature of the *Tank* exclusion is unclear. The implication, however, is that it more closely

**CONCLUSION**

¶ 17 For the aforementioned reasons we affirm the trial court's decision.

CONCURRING: JAMES B. SULT, Presiding Judge and PATRICK IRVINE, Judge.

resembles the exclusion in *Taylor* (UIM exclusion for any vehicle that has also received liability coverage under the policy) and not that found in *Duran I* or this case (UIM exclusion applies to vehicles owned by the insured named in the policy). *Taylor*, 198 Ariz. at 319, 9 P.3d at 1058; *See Tank*, 146 Ariz. at 34–37, 703 P.2d at 581–584.