Jeffery **MILLER**, husband; Malia Miller, wife, Plaintiffs—Appellants,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY;** John and Jane Does, I–X; XYZ Corporations, Partnerships and Other Business Entities, XI–XX, Defendants—Appellees.

No. 02–17434.

D.C. No. CV–02–00647–PCT–JWS.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 1, 2003.*

Decided Dec. 5, 2003.

Robert L. Fruge, Law Offices of Robert L. Fruge, PC, Prescott, AZ, for Plaintiffs–Appellants.

Carl F. Mariano, Rebecca J. Herbst, Mariano & Allen, Phoenix, AZ, for Defendants–Appellees.

Before O'SCANNLAIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM**

In this diversity action, appellants Jeffery and Malia Miller appeal the district court's grant of summary judgment in favor of appellee American Family Mutual Insurance Company, as well as the district court's order granting attorney's fees to American Family. We affirm.

The Millers argue that an exclusion from underinsured motorist coverage in a policy issued by American Family is void under Arizona law.[1] We review the district court's grant of summary judgment on this issue de novo. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). Here, the Millers recovered the full amount of liability insurance available under the same policy. Where "the injured person recovered the full amount of the liability insurance, there is no persuasive reason to allow her to collect under the [underinsured motorist] coverage." *Demko v. State Farm Mut. Auto. Ins. Co.,* 204 Ariz. 497, 65 P.3d 446, 448 (App.2003), *rev. denied* (2003) (in-ternal quotation marks omitted). The Millers' argument that the exclusion in this case is barred under Arizona law because it did not contain a "setoff" policy fails because an Arizona court has recently validated an underinsured motorist exclusion almost identical to the one at issue here. *Id.* at 447–49. Therefore, we conclude that the district court did not err in granting summary judgment to American Family.

The district court did not abuse its discretion in granting attorney's fees to American Family, because it appropriately weighed the relevant factors under Arizona law. *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181, 1184 (1985) (en banc). Nor did the district court abuse its discretion, after weighing the relevant factors, in deciding not to remand the case to state court. *See Government Employees Ins. Co. v. Dizol* 133 F.3d 1220, 1225 (9th Cir.1998) (en banc).

Finally, because there is settled law in the Arizona Supreme Court and intermediate appellate courts that disposes of this case, certification to the Arizona Supreme Court is not appropriate. *See* Ariz.Rev. Stat. § 12–1861 (2003). Therefore, we deny the Millers' motion, filed April 30, 2003, to certify issues to the Arizona Supreme Court.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The facts are known to the parties, and are referred to only as necessary to explain our holding here.