NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JO ANN YEAGER, *Plaintiff/Appellant*,

*v.*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Defendant/Appellee.*

No. 1 CA-CV 15-0855
FILED 2-7-2017

Appeal from the Superior Court in Maricopa County
No.  CV2015-050839
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Beale, Micheaels, Slack & Shughart, P.C., Phoenix
By David S. Shughart
*Co-Counsel for Plaintiff/Appellant*

H. Eldon Hanson, P.C., Phoenix
By H. Eldon Hanson
*Co-Counsel for Plaintiff/Appellant*

Hill, Hall & DeCiancio, P.L.C., Phoenix
By Joel DeCiancio, Christopher Robbins
*Counsel for Defendant/Appellee*

<hr>

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

<hr>

**N O R R I S**, Judge:

¶1 Appellant Jo Ann Yeager ("Jo Ann"), who was injured in a two-vehicle accident, challenges the superior court's summary judgment ruling limiting her underinsured motorist recovery to policy limits on one of the policies she held at the time. On appeal, she argues she had asserted two "claims" for underinsured motorist coverage under Arizona Revised Statute ("A.R.S.") section 20-259.01(H) (Supp. 2016)[1], and was, therefore, entitled to policy limits under two other policies issued by Appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), that she held at the time of the accident. We disagree and affirm the judgment entered by the superior court.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Jo Ann was injured in an accident while a passenger in a 1963 Jeep Willys driven by her husband, Robert Yeager. Keith Wimbley drove the other vehicle involved in the accident. At the time of the accident, the Yeagers had insured various vehicles owned by them through four automobile insurance policies issued by State Farm, each with policy limits of $100,000 per person and $300,000 per accident. Wimbley had automobile insurance with policy limits of $15,000 per person and $30,000 per accident.

¶3 Wimbley's insurer tendered its policy limits, and State Farm tendered policy limits under its policy covering the Jeep Willys. Jo Ann then made two underinsured motorist claims against State Farm: one for Robert's alleged negligence and one for Wimbley's alleged negligence. Jo Ann demanded that State Farm pay policy limits on two of the remaining three policies to cover these claims.[2] State Farm tendered policy limits

<hr>

[1]We cite to the current version of the statute, which the Legislature has not materially amended since the date of the accident.

[2]State Farm did not contest Jo Ann's assertion that her damages exceeded the policy limits on all of the potentially available policies.

under one of the remaining policies, but refused to pay anything more. In refusing Jo Ann's demand, State Farm relied on the following provision contained in each of the policies it had issued to the Yeagers:

> If multiple policies or coverages purchased from the *State Farm Companies* by one *insured* on different vehicles provide Underinsured Motor Vehicle Coverage which applies to the same accident or claim, the *insured* shall select one of these policies or coverages to apply to the accident. Only the one policy selected by the *insured* shall apply and no coverage will be provided by any of the other policies.

¶4        Jo Ann sued State Farm and asked for declaratory relief. Jo Ann relied on A.R.S. § 20-259.01(H), which provides in relevant part:

> If multiple policies or coverages purchased by one insured on different vehicles apply to an accident or claim, the insurer may limit the coverage so that only one policy or coverage, selected by the insured, shall be applicable to any one accident.

State Farm moved for summary judgment, arguing that Jo Ann was attempting to improperly "stack" her underinsured motorist policies under A.R.S. § 20-259.01(H). The superior court agreed with State Farm and granted its motion.

## DISCUSSION

¶5        As she did in the superior court, Jo Ann contends she can recover under the two policies for Robert's and Wimbley's alleged negligence because she asserted two "claims" under A.R.S. § 20-259.01(H). We rejected this argument in *Giannini v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 468, 837 P.2d 1203 (App. 1992). There, as here, the plaintiff was a passenger in a two-vehicle accident and alleged both drivers were negligent. *Id.* at 469, 837 P.2d at 1204. She argued she could recover under two uninsured motorist policies because she had asserted separate "claims" against each negligent driver. *Id.* We held that A.R.S. § 20-259.01(H) (then-codified at A.R.S. § 20-259.01(F)) did not allow the plaintiff to recover under more than one policy:

> The fact that two separate tortfeasors share the blame for causing this accident has no bearing on whether State Farm, under the statute, is entitled to limit the coverage so that only one policy is applicable. Even though the negligence of two persons combined to cause [the plaintiff's] injuries, there is nothing to suggest that more than one accident occurred. The statute states clearly that the insurer may limit the coverage so that only one policy is applicable to any one "accident." Appellees would have us apply the statute to any one "claim." Such, however, is not the wording of the statute.

*Giannini*, 172 Ariz. at 470, 837 P.2d at 1205.

¶6 Jo Ann contends *Giannini* was wrongly decided relying on her "two claims" argument discussed above. The statutory language is clear; insurers may limit underinsured motorist coverage so that only one policy applies "to any one accident." A.R.S. § 20-259.01(H); *see also Am. Family Mut. Ins. Co. v. Sharp*, 229 Ariz. 487, 491, ¶ 15, 277 P.3d 192, 196 (2012) ("The most reasonable interpretation of Subsection (H) is that the phrase 'multiple policies or coverages' applies when an insured obtains coverages for several vehicles and then attempts to claim multiple UIM coverages *for the same accident*.") (emphasis added) (citation omitted).

¶7 The Arizona supreme court has held that "anti-stacking clauses are valid if they are unambiguous and follow the provisions of [the statute]." *State Farm Mut. Auto. Ins. Co. v. Lindsey*, 182 Ariz. 329, 331, 897 P.2d 631, 633 (1995) (quoting *Safeco Corp. v. Kuhlman*, 737 P.2d 274, 276 (Wash. Ct. App. 1987)). That is the case here. Thus, the superior court correctly granted summary judgment to State Farm.

**CONCLUSION**

¶8      We affirm the superior court's judgment and award State Farm its costs on appeal contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA